UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE KRISTOFFERSEN,<br><br>                Plaintiff,<br><br>v.<br><br>RVS110, LLC; and<br>DOES 1-10,<br><br>                Defendant. | Case No.: 3:18-cv-0392-BEN-AGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br>**[Doc. 18]** |

Plaintiff Michelle Kristoffersen brought suit against Defendant RVS110, LLC for violation of her rights under the Americans with Disabilities Act and the Unruh Civil Rights Act for Defendant's alleged failure to provide an accessible guest room at the Holiday Inn Express in San Diego. Plaintiff now moves for summary judgment. [Doc. 18.] For the following reasons, the motion is **DENIED**.

## BACKGROUND[1]

Plaintiff is a resident of Santa Ynez, California in Santa Barbara County. As a paraplegic, Plaintiff cannot walk and uses a wheelchair for mobility. On July 22, 2017,

---

[1] In conjunction with summary judgment briefing, Defendant filed several objections to Plaintiff's submitted evidence. Because the Court did not rely upon that evidence in ruling Plaintiff's motion for summary judgment, however, Defendant's objections are DENIED as moot.

1

3:18-cv-0392-BEN-AGS

Plaintiff visited a skate park in San Diego with her 13-year-old son and his two 14-year-old friends. Although Plaintiff planned the San Diego trip two weeks prior, she waited to book her motel room on Expedia until the afternoon of July 22, 2017, because she believed rates would be cheaper last-minute. On Expedia, she booked a standard room with two queen beds at Defendant's Holiday Inn Express Motel, and in the "special request" section of the reservation, she requested a roll-in shower.

San Diego's annual Comic-Con convention took place from July 20, 2017 through July 23, 2017. When Plaintiff and the three boys arrived at Defendant's Motel on July 22, 2017, Plaintiff requested an ADA-accessible room with two beds and a roll-in shower. None of the Motel's ADA-accessible rooms were available. Further, the room configuration Plaintiff requested does not exist at the Motel. Of the Motel's 113 rooms, the Motel categorizes seven of them as ADA-accessible. Of those seven rooms, two are configured with a king bed and roll-in shower, and five are configured with a king bed and accessible tub. Of the five ADA-accessible king/tub rooms, two rooms have a separate alcove containing a sofa that pulls out to a queen bed. The Motel does not maintain any ADA-accessible rooms with two queen beds and a roll-in shower.

Plaintiff alleges Defendant's Motel violates Title III of the ADA in many ways. Specifically, she asserts the Motel's allegedly ADA-accessible rooms do not comply with several of the ADA's measurement specifications; the Motel fails to spread ADA-accessible rooms across room configurations, e.g., maintaining an ADA-accessible room with a roll-in shower and two queen beds; and the Motel uses its ADA-required lower transaction counter to store promotional materials, obstructing disabled individuals from using the counter.

**DISCUSSION**

Plaintiff moves for summary judgment on both of her claims. First, for her violation of the ADA claim, she seeks an injunction requiring Defendant to bring its motel into compliance with the ADA. Second, as to her derivative state law Unruh Civil Rights claim, which is premised on a finding that Defendant violated the ADA, she seeks a statutory

penalty of $4,000. As a threshold matter, Defendant argues summary judgment must be denied because Plaintiff fails to carry her burden to establish Article III standing for her ADA claim. The Court agrees.[2]

"A party is entitled to summary judgment if the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *City of Pomona v. SQM North America Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). "The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *City of Pomona*, 750 F.3d at 1049. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

To demonstrate Article III standing, Plaintiff must establish she suffered "an injury-in-fact, that the injury is traceable to the [defendant's] actions, and that the injury can be redressed by a favorable decision." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). Because injunctive relief is the only remedy available to private plaintiffs alleging ADA violations, Plaintiff must also demonstrate a "real and immediate threat of repeated injury." *Id.*

Courts take a "broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits 'are the primary method of obtaining compliance with the ADA.'" *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039-40 (9th Cir. 2008) (quoting *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209 (1972)). Despite this "broad view," the Supreme Court's jurisprudence is clear that standing is not a "mere

---

[2] Because Plaintiff fails to establish standing, the Court does not reach Defendant's many alternative arguments in opposition to Plaintiff's motion for summary judgment.

pleading requirement[] but rather an indispensable part of the plaintiff's case." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Accordingly, "each element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Id.* at 561; *see also Chapman*, 631 F.3d at 946 ("[A]s with other civil rights statutes, to invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation.").

Here, as the movant for summary judgment, Plaintiff bears the burden of setting forth evidence sufficient to establish each element of her standing. Defendant argues Plaintiff fails to carry her burden of demonstrating "a sufficient likelihood that [s]he will again be wronged in a similar way." *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). That is, Defendant challenges Plaintiff's showing of a "real and immediate threat of repeated injury," as required for injunctive relief.

The Ninth Circuit has "clarified the scope" of this inquiry within the context of Title III ADA suits for injunctive relief, explaining:

> A disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered "actual injury." Similarly, a plaintiff who is threatened with harm in the future because of existing or imminently threated non-compliance with the ADA suffers "imminent injury."

*D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008) (quoting *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002)). Thus, "[a]pplying this rule in cases where, as here, the public accommodation being sued is far from the plaintiff's home, [the Ninth Circuit] ha[s] found actual or imminent injury sufficient to establish standing where a plaintiff demonstrates an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible." *Id.* (citing *Pickern*, 293 F.3d at 1138 and *Doran*, 524 F.3d at 1037-40).

4

3:18-cv-0392-BEN-AGS

For example, in *Pickern Holiday Quality Foods, Inc.*, the Ninth Circuit found the plaintiff established an actual or imminent injury where he encountered barriers at a Holiday Paradise grocery store 70 miles from his home and stated that he "prefers to shop at Holiday markets and that he would [return to] shop at the Paradise market [near his grandmother's home] if it were accessible." 293 F.3d at 1138. Similarly, in *Doran v. 7-Eleven, Inc.*, the Ninth Circuit found the plaintiff demonstrated an actual or imminent injury because he established his intention to return to the defendant's 7-Eleven store 550 miles from his home once the barriers to access were removed. The *Doran* plaintiff did so by "alleg[ing] that he had visited the 7-Eleven store on ten to twenty prior occasions, that he is currently deterred from visiting the store because of its accessibility barriers, that the store is conveniently located near his favorite fast food restaurant in Anaheim, and that he plans to visit Anaheim at least once a year on his annual trips to Disneyland." 524 F.3d at 1037-40.

Finally, in *D'Lil v. Best Western Encina Lodge & Suites*, the Ninth Circuit found the plaintiff demonstrated her intent to return to the Santa Barbara area "by the regularity with which she visited the city before, during, and after her stay at the [defendant's hotel,] Best Western Encina." 538 F.3d 1031 (9th Cir. 2008). Specifically, the plaintiff offered her declaration and testimony that detailed her visits to Santa Barbara since the early 1980s for both business and pleasure, her recent vacations there, her intent to return to Santa Barbara, and why she preferred to stay at the Best Western Encina. *Id.* at 1037.

Notably, Plaintiff lives in Santa Ynez in Santa Barbara County, approximately 250 miles north of Defendant's San Diego Motel. [Doc. 24-12 at 10:6-10.] Despite living far away, Plaintiff's proffered evidence of this element of standing is limited to two sentences in her Declaration:

> 13. The Motel is a convenient place for me to stay whenever I visit San Diego.
>
> 14. Once the barriers are removed, I will return and continue to patronize the Motel regularly whenever I am in the area and need a place to stay.

[Doc. 18-3 at p. 2, ¶¶13-14.] As Defendant argues, Plaintiff "merely claims a vague desire to stay at the Motel whenever she visits San Diego" and "has identified no dates of a future visit, does not have any specific reservations for a future stay, and has not described concrete plans to return to the Motel." [Doc. 24 at p. 12.] Defendant additionally points to Plaintiff's testimony that, other than in connection with her lawsuit, she has visited San Diego only three times in her life. [Doc. 24-13 at 10:17-12:12 (Kristoffersen Deposition).]

Although Plaintiff's vague desire to stay at the Motel *some day*—"whenever she visits San Diego" and "need[s] a place to stay"—might withstand a Rule 12(b)(1) motion to dismiss, Plaintiff does not carry her burden to demonstrate standing at the summary judgment stage.[3] *See Lujan*, 504 U.S. at 563–64 ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require."). Like in *Pickern*, *Doran*, and *D'Lil*, Plaintiff lives far away from the public accommodation she is suing. Unlike those cases, however, she attempts to establish standing with a declaration articulating only a vague desire to stay in Defendant's motel some day when she returns to San Diego. She offers no evidence of any plans or a general intention to visit San Diego in the future. She offers no evidence of reasons why she might

---

[3] Plaintiff's reliance on *Civil Rights Educ. and Enforcement Ctr. v. Hospitality*, 867 F.3d 1093 (2017) does not require a different result. First, the case is distinguishable because it concerned whether a putative class plausibly alleged standing at the class certification stage. Thus, the Ninth Circuit's inquiry was limited to the Named Plaintiffs' allegations in the pleadings, not evidence. *Civil Rights*, 867 F.3d at 1099 ("The relevant question, therefore, is whether the Named Plaintiffs are presently deterred from visiting HPT-owned hotels. We limit our evaluation to the pleadings."). Second, Plaintiff's reliance on the case is limited to the Ninth Circuit's reiteration of its longstanding "deterrent effect doctrine," first enunciated in *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137-38 (9th Cir. 2002). *See Civil Rights*, 867 F.3d at 1098-99 (quoting *Pickern*, 293 F.3d at 1137) ("'So long as the discriminatory conditions continue, and so long as the plaintiff is aware of them and remains deterred, the injury under the ADA continues.'").

visit San Diego in the future or why she would stay in Defendant's Motel. And, she offers no record of "regularity with which she visited" San Diego in the past. *D'Lil*, 538 F.3d at 1037. Rather, the evidence shows Plaintiff has visited San Diego only three times in her life, including the visit that led to her lawsuit.

Construing the evidence in the light most favorable to Defendant as the nonmovant, then, Plaintiff does not proffer evidence sufficient to demonstrate either an intent to return to Defendant's Motel or that she is actually deterred from visiting it. In other words, a reasonable jury could find that Plaintiff has no intention of returning to Defendant's Motel in San Diego and is not currently deterred from visiting the Motel because of Defendant's alleged non-compliance with the ADA. Thus, Plaintiff does not carry her burden of establishing "a real and immediate threat of injury," as required to show standing for injunctive relief under the ADA.[4] Accordingly, Plaintiff's motion for summary judgment on her ADA claim and derivative Unruh Act claim is **DENIED**.

---

[4] *See also, e.g., Feezor v. Sears, Roebuck and Co.*, 608 Fed. App'x 476, 477 (9th Cir. 2015) ("To establish standing based on deterrence, an ADA plaintiff must demonstrate that he would return but for the barrier . . . Plaintiff's conclusory statements that he is deterred from visiting Sears are insufficient to demonstrate that he would shop at Sears if it were accessible."); *Summers v. Earth Island Institute*, 555 U.S. 488, 496 (2009) (concluding a declaration "d[id] not assert, however, any firm intention to visit their locations," by "say[ing] only that [the affiant] "want[s] to" go there. . . . This vague desire to return is insufficient to satisfy the requirement of imminent injury"); *Chapman v. Pismo Food Store*, 710 F. App'x 769, 770 (9th Cir. 2018) ("Chapman failed to establish any regularity in his visits to Pismo Beach, where the store is located, and likewise failed to present sufficient evidence of more than a vague desire to return to the store."); *Kalani v. Starbucks Coffee Co.*, 698 F. App'x 883, 886 (9th Cir. 2017) ("Kalani made the requisite showing by averring that he intended to return to Starbucks Coffee Store #6931 . . . when he met with his attorney, attended a yearly expo and meetings of the San Jose chapter of the Californians for Disability Rights organization, or visited family nearby."); *Rocca v. Den 109 LP*, 684 F. App'x 667, 669 (9th Cir. 2017) ("The district court also did not err in finding it implausible that Rocca would return to Denny's because it was far from his home. . . . Rocca did not testify that he had an intent to return, let alone provide detailed reasons for the long distance visit such as a regular business trip, an annual amusement park visit, or a family member nearby.").

**CONCLUSION**

For the previous reasons, Plaintiff's motion for summary judgment, [Doc. 18], is **DENIED**.

**IT IS SO ORDERED.**

DATED: April 25, 2019

_____
HON. ROGER T. BENITEZ
United States District Judge